

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND



2014 FEB 28  PM 5: 22

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

---

*Bonnie S. Greenberg*
*Assistant United States Attorney*
*Bonnie.Greenberg@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4890*
*MAIN: 410-209-4800*
*FAX: 410-962-0717*

November 22, 2013

ENTERED
RECEIVED
FILED
LODGED

MAR - 5 2014

AT BALTIMORE COURT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND          DEPUTY

Robert D. Cole, Jr., Esquire
Law Office of Robert D. Cole, Jr.
201 N. Charles Street
Suite 1900
Baltimore, MD 21201

Re:  United States v. Gerod Boyd
     Case No.  GLR 13-0706                   BY

Dear Mr. Cole:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by December 20, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

1.  The Defendant agrees to waive indictment and plead guilty to an Information which will charge him with Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. Section 841(a)(1). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

2.  The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

   a.  That on or about June 26, 2013, the defendant possessed cocaine, a Schedule II controlled substance, in Baltimore, Maryland;

   b.  That the defendant knew that he possessed a controlled substance; and

1

c.  That the defendant intended to distribute the controlled substance.

### Penalties

3.      The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: Twenty (20) years imprisonment, at least three, and no more than three, years supervised release, and a $1,000,000 fine.  In addition, the Defendant must pay $100 as a special assessment pursuant to 18 U.S.C. Section 3013, which will be due and should be paid at or before the time of sentencing.  This Court may also order him to make restitution pursuant to 18 U.S.C. Sections 3663, 3663A, and 3664.  If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. Section 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      The Defendant waives his right to have this felony offense prosecuted by indictment after proper presentment and return by a Grand Jury.

b.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

c.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

d.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the government's

2

witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

e.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the Waiver of Appeal paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he/she is not a citizen of the United States, pleading guilty may have consequences with respect to his/her immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

3

**Advisory Sentencing Guidelines Apply**

5.      The Defendant understands that the Court will determine a sentencing
guidelines range for this case (henceforth the advisory guidelines range) pursuant to the
Sentencing Reform Act of 1984 at 18 U.S.C. Section 3551-3742 (excepting 18 U.S.C. Sections
3553(b)(1) and 3742(e)) and 28 U.S.C. Sections 991 through 998. The Defendant further
understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as
excised, and must take into account the advisory guidelines range in establishing a reasonable
sentence.

**Factual and Advisory Guidelines Stipulation**

6.      This Office and the Defendant understand, agree and stipulate to the
Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a
reasonable doubt, and to the following applicable sentencing guidelines factors:

a.      The parties agree that the statement of facts contained in
Attachment A would establish not only that the defendant committed the crime of
possession with the intent to distribute narcotics but also the crime of possession
of a firearm by a convicted felon. Therefore, pursuant to U.S.S.G. § 1B1.2(c), the
guidelines for the offense will be calculated as if the defendant has been convicted
of both offenses. Pursuant to U.S.S.G. §§ 3D1.1 *et seq.*, the two offenses group
together and the controlling guidelines is the higher of either the guidelines
applicable to Count Two (U.S.S.G. § 2D1.1) or the guidelines applicable to the
gun charge (U.S.S.G. § 2K2.1). In this case, the higher guidelines level is that
level applicable to the gun charge, and U.S.S.G. § 2K2.1 will therefore apply.

b.      Pursuant to U.S.S.G. Section 2K2.1(a)(4)(A), the base offense
level is twenty-four (24).

c.      As the firearm had an obliterated serial number, four (4) additional
points are added under U.S.S.G. Section 2K2.1 (b)(4), for an offense level of
twenty-eight (28).

d.      This Office does not oppose a two-level reduction in the
Defendant's adjusted offense level, based upon the Defendant's apparent prompt
recognition and affirmative acceptance of personal responsibility for his criminal
conduct. This Office agrees to make a motion pursuant to U.S.S.G. Section
3E1.1(b) for an additional 1-level decrease in recognition of your client's
acceptance of personal responsibility for his conduct. This Office may oppose any
adjustment for acceptance of responsibility if the Defendant (a) fails to admit each
and every item in the factual stipulation; (b) denies involvement in the offense; (c)
gives conflicting statements about his involvement in the offense; (d) is untruthful
with the Court, this Office, or the United States Probation Office; (e) obstructs or

4

attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

**The final base offense level is twenty-five (25).**

7.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

8.     The United States will request a variance of the defendant's Criminal History Category to VI, on the basis that any criminal history less than a Criminal History Category VI would be inadequate under U.S.S.G. Section 4A1.3.  In any case, the parties agree that a sentence of 120 months imprisonment is a reasonable sentence taking into consideration the factors set forth in 18 U.S.C. Section 3553(a), including among other things the facts and circumstances of this case and the defendant's criminal history.  This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range and application of the 18 U.S.C. Section 3553(a) factors,  no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines or in 18 U.S.C. Section 3553(a) will be raised or are in dispute.

**Rule 11(c)(1)(C) Pleas**

9.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of  120 months imprisonment in the custody of the Bureau of Prisons is the appropriate disposition of this case.  This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release.  In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void.  Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

**Obligations of the United States Attorney's Office**

10.     At the time of sentencing, this Office will recommend a sentence consistent with paragraph 9 and recommend that the sentence be served concurrent with the Defendant's current state sentence.

11.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

**Forfeiture of Firearms**

12.    The Defendant understands and agrees that as a result of his guilty plea, he will not be permitted to own, possess, or use a firearm.  He forfeits all right, title, and interest in the .38 Special Rossi Interarms revolver, serial number J059451 and a .357 Ruger SP101 revolver, with the serial number obliterated, and ammunition with those weapons seized by law enforcement officers on June 26, 2013.

**Waiver of Appeal**

13.    In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all rights, pursuant to 28 U.S.C. Section 1291 or otherwise, to appeal the Defendant's conviction;

b.    The Defendant and this Office knowingly waive all rights, pursuant to 18 U.S.C. Section 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: (i) the Defendant reserves the right to appeal any term of imprisonment to the extent that it exceeds 120 months imprisonment; (ii) and this Office reserves the right to appeal any term of imprisonment to the extent that it is below 120 months imprisonment.

c.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

14.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case.  In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. Section 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement.  Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.  As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.  The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

15.     The Defendant expressly understands that the Court is not a party to this agreement.  In the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement.  In the event the Court rejects this Rule 11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he may withdraw his plea.  If he persists in the guilty plea thereafter, the Defendant understands that the disposition of the case may be less favorable than that contemplated by this agreement.  The Defendant understands that neither this Office, his attorney, nor the Court can make a binding prediction or promise that the Court will accept this agreement.  The Defendant agrees that no one has made such a binding prediction or promise.

7

**Entire Agreement**

16. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:

Bonnie S. Greenberg
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

11-26-13
Date

Gerod Boyd

I am Mr. Boyd's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

11/26/13
Date

Robert Cole, Esquire

8

**ATTACHMENT A**

This Office and the Defendant understand, agree and stipulate to the following Statement of Facts, which this Office would prove beyond a reasonable doubt at trial:

On June 25, 2013, Baltimore City police officers were executing a search warrant at 5723 Eastbury Avenue, Baltimore, Maryland. The defendant, Gerod Boyd, was taken into custody prior to the execution of the search warrant. The key to that residence was in Boyd's hand when he was taken into custody. Located inside the residence was a loaded .38 Special Rossi Interarms revolver, serial number J059451. After being provided his *Miranda* rights, Boyd advised that the firearm belonged to him. Boyd also advised that a firearm recovered during another search that day from his residence in Middle River, Maryland, a .357 Ruger SP101 revolver, with the serial number obliterated, was his firearm.

Investigation revealed that Boyd ran a cocaine distribution network in the 600 block of North Kenwood Avenue, Baltimore, Maryland. Specifically, Boyd used 5723 Eastbury Avenue, Baltimore, Maryland and other locations, including 631 North Kenwood Avenue, to store items related to the drug distribution operation. On the same day, June 25, 2013, law enforcement officers also executed a search warrant at 631 North Kenwood Avenue, Baltimore, Maryland , and recovered four ounces of cocaine from inside that residence. Recovered near the cocaine was a black bag containing packaging material for street level distribution of drugs, a digital scale, and a razor blade. Boyd knowingly possessed the cocaine recovered from 631 North Kenwood Avenue, and did so with the intent to distribute that cocaine to other persons.

The aforementioned firearms are capable of expelling a projectile by the action of an explosive and therefore are firearms as is defined under federal law. Additionally, the firearms were manufactured outside the State of Maryland and therefore affected interstate commerce prior to June 26, 2013. Boyd possessed the firearms knowingly.

1

Prior to June 26, 2013, Boyd had been convicted of a crime punishable by more than one year of imprisonment. His civil rights have not been restored.

Bonnie S. Greenberg
Assistant United States Attorney

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it.   I do not wish to change any part of it.

11-26-13
Date

Gerod Boyd

I am Gerod Boyd's attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

11/26/13
Date

Robert Cole, Esquire

2